***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and named employer.
3. The carrier liable on the risk is correctly named above;
4. The employee's average weekly wage is $479.75.
5. The parties stipulated into evidence Stipulated Exhibit # 1, Industrial Commission forms and various other documents. Plaintiff's medical records are marked Stipulated Exhibit # 2.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was 40 years old. Plaintiff quit school in the ninth grade, and does not have a General Equivalency Diploma.
2. Plaintiff began employment with Sunland Development and Construction in 1992, where he was hired as a laborer.
3. Plaintiff's job duties included putting in pilings and water lines, operating equipment and performing general construction work. The position consisted of walking, lifting, reaching, standing, bending, and shoveling.
4. On or about January 20, 2003, plaintiff was assigned to work with a foreman, Mr. Albert Taylor and another laborer. Prior to departing for the job site, the men had to load an auger bit onto the back of a truck. The auger is a large drill, about seven to eight feet long and 18 inches in circumference. The auger weighs between 150-300 pounds. While lifting the auger into the truck, plaintiff felt a pain in his back. Plaintiff did not report the injury at this time. As the day progressed, plaintiff felt increasing pain in his back and he reported the injury to Mr. Taylor. Accident reports were not completed.
5. Mr. Taylor testified that he was aware that plaintiff injured his back while lifting an auger, although he could not recall the specific date of this incident.
6. Following the injury, plaintiff went home. Plaintiff testified that as the afternoon progressed, the pain increased. Plaintiff presented to the Onslow Memorial Hospital emergency room, where he was evaluated and diagnosed with a back strain. Plaintiff was instructed to take it easy over the course of the next few days.
7. Plaintiff sustained two prior workers' compensation claims to his back while working for defendant-employer. Both claims were accepted by the carrier. Prior to the incident on or about January 20, 2003, plaintiff had not been seen by Dr. Hey, his treating physician for his prior injuries, since October 2001. Plaintiff had recovered from these previous injuries and was working full duty.
8. Plaintiff reported to work on January 21, 2003 and proceeded to work his shift. He did not miss any time from work until February 20, 2003 when he saw Dr. Hey at Duke University. Dr. Hey noted that plaintiff was in a lot of pain and recommended facet joint injections combined with pain medication. Dr. Hey also mentioned the possibility of surgery.
9. Dr. Hey requested an MRI be performed on plaintiff, which was performed in May 2003. Based on the results of the MRI, Dr. Hey requested that a discogram be performed as well. Plaintiff returned to Dr. Hey on June 26, 2003 to review the results of the discogram. It was decided that plaintiff would undergo an anterior diskectomy at L4-5 and L5-S1.
10. Plaintiff testified that he continued to work full duty up until the day before his surgery. Mr. Albert Taylor and Mr. Blackman, the former owner of the company both testified that plaintiff was a hard worker. Mr. Blackman testified that he did not terminate plaintiff from his position with the company. Mr. Blackman further testified at the time of the hearing in this matter that he is no longer the owner of the company. Testimony was not taken from the new owner of the company as to whether or not plaintiff still has a position with the company.
11. Plaintiff underwent an anterior diskectomy on August 1, 2003. Following surgery, Dr. Hey kept plaintiff out of work. Due to ongoing complaints of pain, Dr. Hey was concerned regarding non-union of the fusion. He performed an exploratory surgery in September 2004 and confirmed that the fusion had not healed properly. Dr. Hey then added additional instrumentation and bone graft posteriorly in order to help the area heal.
12. Plaintiff is not at maximum medical improvement and has not been released by Dr. Hey to return to work. Plaintiff's medical bills are being paid by his health insurance provided by Sunland Development 
Construction.
13. Dr. Hey, a board certified orthopaedic surgeon, testified that there was a clear change in plaintiff's condition and that plaintiff's medical condition was a result of the incident on January 20, 2003. Dr. Hey had the benefit of viewing MRI's and discograms performed before and after the incident of January 20, 2003.
14. Based upon the testimony of Dr. Hey, which the undersigned find credible, any pre-existing condition was significantly aggravated by the lifting incident of January 20, 2003.
15. As a result of the incident of January 20, 2003, plaintiff has been unable to work from August 1, 2003 and continuing.
16. Despite inconsistencies in defendant-employer's records, plaintiff's testimony is more credible on whether he worked on January 20, 2003.
17. Although initial hospital records indicate that plaintiff was injured while lifting an anvil bit, the undersigned find as fact that this is irrelevant as both an anvil bit and an auger bit are extremely heavy, and further find that medical personnel may not be familiar with the terms.
18. The greater weight of the evidence shows that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in the form of a specific traumatic incident while attempting to load an auger on the morning of January 20, 2003.
19. The greater weight of the evidence shows that as a result of the injury by accident, plaintiff sustained an aggravation of his pre-existing back injury.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On January 20, 2003, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in the form of a specific traumatic incident while attempting to load an auger. N.C. Gen. Stat. § 97-2(6).
2. As a result of plaintiff's compensable injury by accident he has been temporarily totally disabled from August 1, 2003 and continuing. N.C. Gen. Stat. § 97-29.
3. Plaintiff's medical treatment as a result of his compensable injury by accident on January 20, 2003 was necessary to effect a cure, give relief and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants shall pay to plaintiff, subject to an approved attorney fee below, $319.84 per week from August 1, 2003 and continuing until further Order of the Industrial Commission. Past due amounts shall be paid to plaintiff in a lump sum.
2. Defendants shall pay for all related medical treatment incurred or to be incurred by plaintiff as the result of his January 20, 2003 injury, including all treatment provided and recommended by Dr. Hey, who is approved as the authorized treating physician.
3. A reasonable attorney's fee of 25% of the compensation due is hereby approved for plaintiff's counsel. Such amount shall be deducted from the lump sum compensation awarded in Paragraph 1 and thereafter every fourth check is to be paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
This the 16th day of August, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER